1. Wills (§ 802*)—Construction—Trusts—"Proceeds."
   Where a trust to pay the income of an estate quarterly to testator's widow and daughter was to cease upon the widow's death, whereupon the corpus of the trust estate was to become the property of the daughter, and, if testator's wife died before he did, the entire estate was to go to the daughter, and, in case of her death before testator, testator's wife was to receive the whole income from the trust estate during her life, the trust to cease upon her death and the corpus thereof to become the property of testator's son, and the will provided that the provision for testator's wife, if accepted, should be in lieu of dower, and that, if she should elect to receive dower instead of such provision, the entire net proceeds from the remaining trust estate should be paid to the daughter, and the wife elected to take her dower, the daughter was entitled merely to the proceeds of the trust estate during the life of the wife, as the estate cannot be embraced in the gift of the "proceeds" where the proceeds are derived from the estate (citing 6 Words & Phrases).
   [Ed. Note.—For other cases, see Wills, Dec. Dig. § 802.*]

2. Executors and Administrators (§ 495*)—Compensation—Commissions.
   An executor is not entitled to commissions on income collected, but, if there be a trust operative during the period of such collection, he as trustee is entitled to commissions.
   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2088–2116;  Dec. Dig. § 495.*]

3. Executors and Administrators (§ 495*)—Commissions.
   Where a will provided that the executor should take an inventory of the stock on hand in testator's business, that the articles so inventoried should be appraised, and, upon appraisal, from an asset of the estate, and that the value of the stock as shown by the inventory should be de-

ducted from a gift to testator's son if the son should undertake testator's business, the executor would be entitled to a commission on the value of the stock on hand, but not upon the value of goods mentioned in another item of the will as a specific bequest to the son.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2088–2116; Dec. Dig. § 495.*]

Proceedings for judicial settlement of the account of the Kings County Trust Company, as executor of John Seton. Account settled.

George V. Brower, for executor.
Robert W. Maloney, for Mary Jane Seton.

KETCHAM, S. The decree of distribution should provide that the executor transfer the trust estate to itself, as trustee, to be held during the life of the wife for the benefit of the daughter.

There was a well-defined trust under which, during the life of the wife, the income was payable quarterly to the wife and daughter. Upon the death of the wife, this trust was to "cease and the property forming the corpus of the said trust estate was to become the property" of the daughter. In the event of the death of the wife before the death of the testator, the provision was:

"I give, devise and bequeath all of my property * * * to my said daughter," etc.

In the event of the death of the daughter before his death, the testator provided that the wife should "receive the entire income from the trust estate during her life, and upon her death the trust should cease and the estate forming the corpus of the trust should become the property of the son."

The will contained the following provision:

"Sixth. I expressly declare that the provisions here made for my said wife, if accepted by her, shall be taken in lieu of dower, but should my said wife elect to receive dower out of my said property, instead of the said provision then the entire net proceeds from the remaining trust estate shall be paid to my said daughter Mary Jane Seton, in the manner above provided."

The wife has elected to receive her dower, and it is claimed by the daughter that the estate has become hers absolutely. The language in the sixth paragraph providing for the disposition in case of the wife's election presents a significant departure from the phrases elsewhere employed to express the testator's intention in case of possible deaths. This contrast would indicate that in the case of the wife's election the corpus of the estate was not intended for the daughter.

The words, "the entire net proceeds from the remaining trust estate shall be paid to my said daughter * * * in the manner above provided," could not be regarded as the equivalent of words devising the estate or directing its payment, without discarding as superfluous the words "entire net proceeds from the remaining trust," as well as the provision for the payment "in the manner above provided."

The expression "proceeds from" suggests the testator's conception of something not identical with the body of the trust estate, but rather something to be detached from it. The word "proceeds" may be of

doubtful meaning, and may either indicate the fund itself in a transmuted form or the income or increase thereof (6 Words and Phrases Judicially Construed, sub nom. Proceeds); but, if the "proceeds" are to be derived from the estate, the estate cannot be embraced in a gift of the "proceeds." The executor as such is not entitled to commissions on income collected. If, as found supra, there was a trust operative during the period of these collections, it is only to the trustee that the commissions can be allowed.

It is claimed that the executor should not have commissions on certain tools, machinery, and other articles mentioned in the second paragraph of the will, or upon certain stock in trade mentioned in the seventh paragraph of the will. The argument in this respect is that these chattels were specifically bequeathed to the son. It is found that there was a specific gift of all the "tools, machinery, utensils, fixtures, horses, wagons and other appliances" which the decedent had in use in his business; but as to the stock on hand there was not a specific gift. A legacy of $10,000, which was payable, in one event in money and in the other event was payable in part with the stock on hand in the decedent's business, at a valuation to be made by the executor, affords no ground for regarding the gift of the stock as a specific legacy.

The only ground for excluding an executor from commissions on a specific gift is that no duty of administration falls upon him with regard to the article bequeathed. It is said that the title to the thing bequeathed vests primarily in the legatee, subject, of course, to the right of the executor to regain it, if it be needed for the payment of debts. Far different is the case where a legacy is given soluble partly in money and partly in goods at a valuation to be ascertained by the executor.

This will directs the executor to take an inventory of the stock on hand. It provides that the articles so inventoried shall be appraised and upon appraisal shall "form an asset of the (my) estate," and that the value of the stock, as shown by the inventory, shall be deducted from the gift of $10,000, in case the son shall undertake the business.

Commissions are allowed upon the value of the stock on hand, and not upon the value of the goods and chattels mentioned in the second paragraph of the will.

Decreed accordingly.